IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JESSE L. FARMER                                                                                    PLAINTIFF

v.                                          Civil No. 6:20-cv-06022

TONY C. THOMPSON, JR. and
SGT. LOVELL, Ex ADC Employee
also known As Lowell                                                                         DEFENDANTS

## ORDER

Currently before the Court is Plaintiff's failure to obey Court orders. On February 25, 2020, Plaintiff Jesse L. Farmer filed this 42 U.S.C. § 1983 action *pro se*. (ECF No. 1). The Court directed Plaintiff to file an amended complaint, and Plaintiff did so on March 5, 2020. (ECF No. 6.) On March 6, Plaintiff also submitted a completed application to proceed *in forma pauperis*. (ECF No. 7). However, Plaintiff did not sign the amended complaint, and several pages of the pleading were missing.

On March 9, 2020, the Court entered an order informing Plaintiff that he had failed to sign his amended complaint and that several pages were missing from the complaint. (ECF No. 10). The order directed Plaintiff to sign the amended complaint and return it to the Court with the missing pages by March 23, 2020. (ECF No. 10.) The order also informed Plaintiff that failure to timely and properly comply with the order would result in this case being dismissed. (ECF No. 10.) Plaintiff did not comply with this Court's order, and the order was not returned as undeliverable.

On March 26, 2020, the Court entered an order directing Plaintiff to show cause as to why he failed to comply with the Court's order. (ECF No. 12). On April 17, 2020, Plaintiff filed a Motion to Appoint Counsel and requested an extension of time to "respond, amend, or further correct the information provided in Plaintiff's complaint." (ECF No. 13). On the same day, the Court entered an order denying Plaintiff's request for counsel and giving him until May 8, 2020, to sign and return his amended complaint with the missing pages. (ECF No. 16). This order informed Plaintiff that failure to comply with the order would result in his case being dismissed without prejudice. (ECF No. 16).

To date, Plaintiff has not filed a signed and completed amended complaint, and the order directing him to do so has not been returned as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey two orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 2nd day of June, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge